IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| V. | § | CRIMINAL NO. 1:15-CR-00162-SS |
| HELENA TANTILLO | § | |

**MOTION FOR DISCOVERY**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW the Defendant, HELENA TANTILLO, by and through undersigned counsel, and files this her Motion for Discovery. In support of said motion, the Defendant would respectfully show unto the Court as follows:

I.

In the Amended Scheduling Order dated July 23, 2015 (Document 21), this Honorable Court ordered both parties to produce materials, the categories of which were set out in the order. Specifically, the Government was required by August 12, 2015 to produce *Brady*, *Jencks* and *Giglio* materials. Also, the Government was ordered to allow the Defendant access to all materials consistent with Fed. R. Crim. P. 16. Since the issuance of the order, Counsel for the Defendant and the Government have stayed in regular contact and made efforts to resolve all issues regarding the production of these materials and reciprocal discovery.

II.

The following requests for discovery are made by Counsel for the Defendant in order to set out in writing what issues are remaining or which may require the Court's attention.

**Reports, Notes and Tapes**. The Defendant also specifically request that all notes and any recordings that relate to any interview or meetings he has had with the agents or attorneys for the

Government be produced to the Defendant. This request includes, but is not limited to, any rough notes, records, reports, transcripts or other documents in which statements of the Defendant or any other discoverable material is contained. This is all discoverable under Fed. R. Crim. P. 16(a)(1)(A) and *Brady v. Maryland*, 373 U.S. 83 (1963).

**Any Information that May Result in a Lower Sentence under the United States Sentencing Guidelines (U.S.S.G.)**. This information is discoverable under *Brady v. Maryland*, 373 U.S. 83 (1963). This request includes any cooperation or attempted cooperation by the Defendant, as well as any information that could affect any base offense level or specific offense characteristic under Chapter Two of the U.S.S.G. Also included in this request is any information relevant to a Chapter Three adjustment or any other application of the U.S.S.G..

**Any Proposed 404(b) Evidence**. Evidence of prior similar acts is discoverable under Fed. R. Crim. P. 16(a)(1)(A)(B)&(E) and Fed. R. Evid. 404(b) and 609. In addition, under Fed. R. Evid. 404(b), "upon request of the accused, the prosecution . . . shall provide reasonable notice in advance of trial . . . of the general nature . . ." of any evidence the government proposes to introduce under Fed. R. Evid. 404(b) at trial. The Defendant request that such notice be given at least two weeks before trial in order to give the defense time to adequately investigate and prepare for it at trial.

**Request for Preservation of Evidence.** The Defendant specifically request that any physical evidence that may be destroyed, lost, or otherwise out of the possession, custody, or care of the government and which relate to the investigation or pending charges in this case be preserved. This request includes, but is not limited to, any evidence seized from any third party. It is requested that the Government be ordered to question all agencies and individuals involved in the prosecution and investigation of this case and the *United States v. Price* et. al., Cause No. 3:14-CR-00293-M to determine if such evidence exists, and if it does exist, to inform those parties to preserve any such

evidence. The Defendant requests notice of what has been identified and being preserved.

**Request for "in camera" review of Presentence Reports**. The Defendant specifically requests the Presentence Report for any cooperating witness be produced to the Court for an "in camera" review to determine whether they contain any relevant impeachment or *Brady* material to which the Defendant is entitled to receive and to provide said material to the Defendant for use in trial. The facts of this case are largely based on the nine year old recollections of witnesses. One of those witnesses has plead guilty in an ancillary case and cooperated with the Government. Counsel anticipates that the Government will call this cooperating witness and that his Presentence Report contains facts and statement which are at best inconsistent.

This is not an improper request. Presentence Reports that contain exculpatory or impeachment material are helpful in cross-examining witnesses. *United States v. Jackson*, 978 F.2d 903, 906 (5th Cir. 1992). Exposure of a witness' motivation in testifying is a proper and important function of the constitutionally protected right of cross-examination. *United States v. Canino*, 949 F.2d 928, 942 (7th Cir. 1991); *United States v. Molina*, 356 F.3d 269, 274 (2d Cir. 2004); *United States v. Mitchell*, 178 F.3d 904, 907-09 (7th Cir. 1999).

III.

WHEREFORE, PREMISES CONSIDERED, the Defendant respectfully request this Honorable Court to grant all the relief of requested in this Motion for Discovery and all other relief for which they are justly entitled.

Respectfully submitted,

BURLESON, PATE & GIBSON, L.L.P.

*/s/ Michael P. Gibson*

_____
MICHAEL P. GIBSON
TEXAS BAR CARD NO. 07871500

900 Jackson Street, Suite 330
Dallas, Texas 75202
Telephone: (214) 871-4900
Facsimile: (214) 871-7543
Email: mgibson@bp-g.com

COUNSEL FOR DEFENDANT
HELENA TANTILLO

## CERTIFICATE OF CONFERENCE

This is to certify that the undersigned counsel conferred with Nicholas Bunch and Walt Junker, the Assistant United States Attorneys in charge of this case, and is authorized to state that the Government will file a written response pursuant to this Court's order.

*/s/ Michael P. Gibson*

_____
MICHAEL P. GIBSON

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing motion was delivered by ECF filing to Nicholas Bunch and Walt Junker, the Assistant United States Attorney in charge of this case, 1100 Commerce, 3rd floor, Dallas, TX 75242, on this the 15th day of December, 2015.

*/s/ Michael P. Gibson*

_____
MICHAEL P. GIBSON