IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

_____

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | 1:15-CR-162-SS |
| HELENA TANTILLO | ECF |

Response to Motion for Discovery

The United States of America (the government) believes that the Court need only resolve the defendant's request for the agent's rough notes of their meetings with the defendant. The remaining discovery requests are either unopposed or moot. In support, the government would show the following:

**Agent's Rough Notes and Other Documents of Meetings with the Defendant**

The defendant has requested: "all notes and any recordings that relate to any interview or meetings he [sic] has had with the agents or attorneys for the Government be produced to the Defendant. This request includes, but is not limited to, any rough notes, records, reports, transcripts or other documents in which statements of the Defendant or any other discoverable material is contained." (Doc. 26, p. 2). The government has already turned over all typed statements of these meetings ("302s"), but the defendant insists that she is also entitled to the agent's rough notes for the meetings.

The government's position is that such notes are not discoverable and that providing them would undermine the *Jencks* Act. Congress passed the *Jencks* Act, in

part, to ensure that the defense is only provided with full and complete statements for cross-examination in order to eliminate the "danger of distortion and misrepresentation inherent in" the use of agent notes, that are often incomplete and truncated in nature, as if they are full statements. *Palermo v. United States,* 360 U.S. 343 (1959).

The defendant maintains that Fed. R. Crim. Proc. 16(a)(1)(A) and *Brady v. Maryland*, 373 U.S. 83 (1963) support her to discovery of the notes. (Doc. #26, p. 2). However, there is "no general constitutional right to discovery in a criminal case, and *Brady* did not create one[.]" *Weatherford v. Bursey*, 429 U.S. 545, 559 (1977). The Fifth Circuit has already decided that the rough notes of agents are not discoverable as a statement of a defendant under Rule 16 and are normally not *Brady* material. *United States v. Brown*, 303 F.3d 582 (5th Cir. 2002), *reh. en banc denied*, 51 Fed. Appx. 485 (5th Cir. 2002), *cert. denied* 537 U.S. 1173 (2002), *reh. denied,* 538 U.S. 957 (2003); *United States v. Martin*, 565 F.2d 362, 363 (5th Cir. 1978). The *Brown* case also involved a prosecution for false statements made during a public corruption investigation. The Court found that Rule 16 "does not grant a criminal defendant a right to preparatory interview notes where the content of those notes have been accurately captured in a type-written report, such as a 302, that has been disclosed to the defendant. The government satisfies its obligation under the Rule when it discloses a 302 report that contains all of the information contained in the interview notes." *Id.* at 590. Disclosure is not required "even where there are 'minor discrepancies' between the notes and the disclosed 302." *Id.* Amendments to Rule 16 in 1991 were meant to "require full disclosure of *every*

statement of the defendant," but they were not meant to "significantly change[] the *types* of records that must be disclosed," such as agent notes. *Id.* at 590, n. 18.

In the present case, the defendant has been provided with typed 302s that do not contain any material discrepancies from the rough notes. Case law dictates that the Court conduct an in camera inspection of the materials to confirm that no material discrepancies exist. *Palermo*, 360 U.S. at 354; *Brown,* 303 F.3d at 593. Therefore, the government requests that the Court order it to provide copies of the materials for review and deny the defendant's request once the Court reaches the same determination.

**Information Affecting Sentencing**

The government has already provided or given the defendant access to all evidence that could affect her sentence. The government is aware of its ongoing duty to disclose any new information.

**Potential 404(b) Evidence**

This is the defendant's first request for notice of 404(b) evidence and the government does not oppose it. The government requests that the Court authorize the government to file its notice under seal so that the Court will also have access to the same information for purposes of preparing for the status and pretrial conferences.

**Preservation of Evidence**

The government has already sought to preserve all evidence relevant to this case and to question all relevant agencies and individuals. The defendant has already been provided with numerous indexes of the preserved evidence in this case. Consequently, this request is moot.

**Presentence Reports**

There are no presentence reports related to this case and none are expected to exist until after the trial in this matter. Therefore, this request is moot.

## **CONCLUSION**

Wherefore, the United States respectfully requests that this Court issue an order:

a. directing the government to provide the court, *ex parte* and under seal, with copies of the agent's rough notes and 302s for purposes of comparison;

b. authorizing the government to file its 404(b) Notice under seal;

c. denying the remainder of the defendant's requests as moot.

Respectfully submitted,

RICHARD L. DURBIN, JR.
UNITED STATES ATTORNEY

s/ *Walt M. Junker*
Walt M. Junker
Special Assistant United States Attorney - WDTX
Assistant United States Attorney - NDTX
Texas State Bar Number 24038115
1100 Commerce Street, Suite 300
Dallas, Texas 75242
Telephone: (214) 659-8630
Facsimile: (214) 659-8805
walt.junker@usdoj.gov

## CERTIFICATE OF CONFERENCE

I certify that on December 22, 2015, I conferenced with defense counsel Michael P. Gibson regarding this response and he is opposed to the government's position on discovery of the agent's rough notes.

s/ *Walt M. Junker*
Walt M. Junker
Assistant United States Attorney

## CERTIFICATE OF SERVICE

I hereby certify that on December 22, 2015, correct copies of this document was served on counsel of record by electronically filing the pleading with the clerk of court for the U.S. District Court, Western District of Texas using the ECF system.

s/ *Walt M. Junker*
Walt M. Junker
Assistant United States Attorney