IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

UNITED STATES OF AMERICA

-vs-                                                             CAUSE NO. A-15-CR-162-SS

HELENA TANTILLO

## O R D E R

BE IT REMEMBERED on this day, the Court reviewed the file in the above-styled cause, and specifically Defendant Helena Tantillo's Motion for Judgment of Acquittal Pursuant to Rule 29, Federal Rules of Criminal Procedure [#64], and the Government's Response [#65] thereto. Having considered the documents, the governing law, and the file as a whole, the Court now enters the following opinion and orders DENYING the motion.

### Background

Defendant Helena Tantillo, former managing director of BearingPoint, was charged by indictment with two counts of making a false statement to the FBI in violation of 18 U.S.C. § 1001. Specifically, the indictment alleged Tantillo lied to the FBI when she stated: (1) a temporary pay increase she authorized for Christian Campbell, a BearingPoint consultant, was made so Campbell could make a charitable donation on BearingPoint's behalf; and (2) following her first interview with the FBI, she spoke with her former boss, Gary Miglicco, by telephone. Both alleged false statements occurred during the FBI's corruption investigation targeting Dallas County Commissioner John Wiley Price and his political consultant, Kathy Nealy.

Tantillo was tried before this Court from January 19, 2016, through January 21, 2016. On January 22, 2016, the jury returned a verdict finding Tantillo guilty on both counts. Tantillo now moves for judgment of acquittal as a matter of law, arguing the evidence was insufficient to support the jury's verdict.

## Analysis

### I.  Motion for Judgment of Acquittal—Legal Standard

A motion for a judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29 is essentially a challenge to the sufficiency of the evidence. FED. R. CRIM. P. 29(a); *United States v. Hope*, 487 F.3d 224, 227 (5th Cir. 2007). The question for the court is "whether a reasonable jury could have properly concluded, weighing the evidence in a light *most deferential to the verdict rendered by the jury*, that all of the elements of the crime charged had been proven beyond a reasonable doubt." *United States v. Lucio*, 428 F.3d 519, 522 (5th Cir. 2005) (emphasis added). The court need not "analyze the evidence with an eye toward negating every possible inference of innocence"; rather, "if the fact finder was presented with sufficient evidence to support the verdict reached, that verdict must be upheld." *Id.*

### II.  Application

Section 1001 makes it a crime for anyone to knowingly and willfully make a false or fraudulent statement in any matter within the jurisdiction of the government of the United States. *See* 18 U.S.C. § 1001(a)(2). As the Court explained in its instructions, to carry its burden of proof on each count, the Government was required to demonstrate beyond a reasonable doubt that: (1) Tantillo made a false statement to the FBI regarding a matter within its jurisdiction; (2) Tantillo

made the statement willfully, knowing it was false; (3) the statement was material; and (4) Tantillo made the false statement for the purpose of misleading the FBI.

Considering the evidence in the light most favorable to the jury's verdict, it is clear the jury had sufficient evidence to find Tantillo guilty of the offenses charged. As for the first count, Tantillo argues no reasonable juror could have found she knew the increase in Christian Campbell's monthly payment was at least in part in order to pay Kathy Nealy. *See* Mot. Acquittal [#64] at 4. Tantillo, again, told the FBI that Campbell's pay was increased so he could make a donation to Dallas County Commissioner Mike Cantrell's favorite charity, the statement undergirding Count One of the indictment. In support of her claim, Tantillo points to the testimony of Kathy Blanck, a subcontractor who worked with BearingPoint on the Dallas County bid, who recalled a conference call in which Campbell discussed the possibility of making a contribution to Cantrell's favorite charity. Tantillo argues although Campbell denied that discussion occurred, "any reasonable juror comparing the testimony of an admitted liar . . . to Kathy Blanck, a witness with no agenda, . . . would have found Blanck's testimony more reliable." *Id.* at 4–5.

The Court rejects this argument. Credibility determinations are squarely within the province of the factfinder; the Court will not substitute its judgment for the jury's. Campbell testified that after Tantillo and her team learned BearingPoint had not made the second round of cuts on the Dallas County bid, the two of them discussed convincing the Commissioners to keep BearingPoint in the bidding process. Campbell stated he and Tantillo agreed to increase Campbell's monthly pay so Campbell could pay $7,500 to Nealy, whom Campbell believed would in turn pay a portion of that money to Commissioner Price, inducing Price to vote to keep BearingPoint in the bidding process. The jury was free to credit Campbell's testimony and give less weight to Blanck's. In adjudicating

a motion for acquittal, this Court is required to credit "all reasonable inferences and credibility choices made in support of the jury verdict." *United States v. Valles*, 484 F.3d 745, 752 (5th Cir. 2007). Tantillo's motion for acquittal on this ground is denied.

As for the second count, Tantillo argues the Government did not carry its burden to show she willfully lied to the FBI when she stated that after her first FBI interview in August 2013, she spoke with Gary Miglicco by telephone, who caused her to remember the reason for the increase in Campbell's monthly payment. Tantillo also claims the Government failed to prove this lie was material. Tantillo points specifically to her testimony she "was very scared and intimidated" at the time she told the FBI agents about the purported Miglicco call and believed she had spoken truthfully at the time, although she later "determined that she had in fact called . . . Kathy Blanck . . . and not Gary Miglicco." Mot. Acquittal [#64] at 6, 7. Additionally, Tantillo contends whether she spoke to Blanck or Miglicco was immaterial to the FBI investigation. *Id.* at 6.

These arguments, too, must be rejected. First, the jury was not required to believe Tantillo's testimony she was scared and intimidated during the interview or, even if they believed she was, to draw the conclusion she did not knowingly and willfully lie about the Miglicco call on that basis. Second, the Court cannot agree the question whether or not Tantillo spoke to Miglicco was immaterial. As the Court instructed the jury, a statement is material if it has a natural tendency to influence, or is capable of influencing, a decision of the FBI. *See United States v. Najera Jimenez*, 593 F.3d 391, 400 (5th Cir. 2010). The FBI was trying to ascertain whether Campbell's increased monthly payment was connected to bribery of Commissioner Price, and its agents were assessing the credibility of multiple witnesses who provided different information on that topic. A juror could readily infer that had the FBI relied on Tantillo's corroboration of her own story by claiming

someone else reminded her of the purportedly legitimate purpose of Campbell's pay increase, the FBI might have chosen to investigate other individuals or altogether turned away from the investigation of the Campbell pay increase. Tantillo's statement was thus capable of influencing a decision of the FBI. The jury was entitled to find the statement was material.

## Conclusion

Ample evidence supported the jury's guilty verdict. As such, Tantillo's motion for judgment of acquittal is due to be denied.

Accordingly:

IT IS ORDERED that Defendant Helena Tantillo's Motion for Judgment of Acquittal Pursuant to Rule 29, Federal Rules of Criminal Procedure [#64] is DENIED.

SIGNED this the 14th day of March 2016.

*Sam Sparks*
SAM SPARKS
UNITED STATES DISTRICT JUDGE